IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOANNA LARUE ELLIS, Deceased DOD 08/08/2017, by PATRICIA ELLIS-SWANSON, her mother and next of kin and personal representative of estate of Joanna Larue Ellis,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES, and U.S. DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendants. | 8:21CV62<br><br>**MEMORANDUM AND ORDER** |

      Patricia Ellis-Swanson ("Plaintiff"), as Personal Representative of the Estate of Joanna Larue Ellis, her deceased daughter, brings this pro se action against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, for damages based upon the alleged negligence of the Department of Veterans Affairs in failing to place Plaintiff's decedent in a VA hospital. Plaintiff was granted leave to proceed in forma pauperis on February 23, 2021, and the court now conducts an initial review of Plaintiff's Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  APPLICABLE STANDARDS ON INITIAL REVIEW

      The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II. DISCUSSION

Except for attachments, Plaintiff's Complaint is identical to the complaint she filed in Case No. 8:19CV501. That case was permitted to proceed to service of process, but was dismissed for lack of subject-matter jurisdiction on October 23, 2020, after the United States presented undisputed evidence, in the form of a sworn declaration by a paralegal for the VA who conducted a record search, that Plaintiff did not provide the VA with any evidence she had the capacity to act as the personal representative of her daughter's estate.[1]

Attachments to the Complaint in the present action show Plaintiff was, in fact, the personal representative of her daughter's estate at the time she filed a claim with the VA,[2] but Plaintiff does not allege, nor is there any evidence in the attachments,

---

[1] Plaintiff filed an appeal on January 19, 2021, which the Court of Appeals dismissed as untimely on January 29, 2021.

[2] Plaintiff's evidence shows that she accepted appointment as the personal representative for her daughter's estate on April 12, 2018 (Filing 1, p. 22), and that the estate was informally closed on October 2, 2020 (Filing 1, p. 63). The VA records indicate the claim was filed on June 25, 2019. Under Nebraska law, the appointment

that Plaintiff ever presented any proof of her authority to the VA. Although the VA did not cite lack of such proof as a reason for denying the claim,[3] the United States Court of Appeals for the Eighth Circuit has held that a properly "presented" claim under 28 U.S.C. § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law, and that compliance with this presentment requirement is a jurisdictional precondition to filing an FTCA suit in federal district court. *See Mader v. United States*, 654 F.3d 794, 800-808 (8th Cir. 2011). In other words, this court cannot review the VA's denial of Plaintiff's claim unless the claim was properly presented to the VA.

"Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant." *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). "Because jurisdiction is a threshold issue for the court, the district court has 'broader power to decide its own right to hear the case than it has when the merits of the case are reached.'" *Id.* (quoting *Osborn v. United States,* 918 F.2d 724, 729 (8th Cir. 1990)); *see also Daniels v. United States*, 135 F. App'x 900, 901 (8th Cir. 2005) ("[T]he district court may appropriately resolve legal and factual questions determinative of jurisdiction and may dismiss the case under Federal Rule of Civil Procedure 12(b)(1) if the FTCA requirements are not met.").

The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). A district court "has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1)." *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 637, n.4 (8th Cir. 2003) (quoting *Osborn*, 918 F.2d at 728 n. 4.), and may *sua sponte* take judicial notice of its own records and files, and facts which are part of its public records. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it. *Id.*

---

of the personal representative does not terminate until one year after the closing statement is filed. *See* Neb. Rev. Stat. § 30-24,117. Thus, it would appear Plaintiff also has standing to file this lawsuit.

[3] The VA denied the claim on the merits, finding there was no negligent or wrongful act on the part of its employees.

## III. CONCLUSION

This case may be dismissed prior to service of process for lack of subject-matter jurisdiction. However, out of an abundance of caution, the court on its own motion will give Plaintiff 30 days in which to file an amended complaint that contains sufficient factual allegations to show that jurisdiction exists. That is to say, Plaintiff must affirmatively allege that she presented the VA proof of her capacity to act as the personal representative of her daughter's estate while her claim was pending before that agency. Plaintiff should describe the evidence that was presented and provide other pertinent details, such as the date and method of presentation. If an amended complaint is timely filed, the court will conduct another initial review; otherwise, this case will be dismissed without prejudice for lack of subject-matter jurisdiction.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event she files an amended complaint.

3. The Clerk of the Court is directed to set the following pro se case management deadline: **April 26, 2021**—amended complaint due.

Dated this 26th day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge