IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOANNA LARUE ELLIS, Deceased DOD 08/08/2017, by PATRICIA ELLIS-SWANSON, her mother and next of kin and personal representative of estate of Joanna Larue Ellis, | **8:21CV62** |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| vs. | |
| THE UNITED STATES, and U.S. DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendants. | |

Patricia Ellis-Swanson ("Plaintiff"), as Personal Representative of the Estate of Joanna Larue Ellis, her deceased daughter, brings this pro se action against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, for damages based upon the alleged negligence of the Department of Veterans Affairs in failing to place Plaintiff's decedent in a VA hospital. Because Plaintiff has been granted leave to proceed in forma pauperis, the court conducted an initial review of Plaintiff's Complaint (Filing 1), *see* 28 U.S.C. § 1915(e)(2), and determined in a Memorandum and Order entered on March 26, 2021 (Filing 6), that the Complaint is subject to dismissal for lack of subject-matter jurisdiction. On its own motion, however, the court gave Plaintiff 30 days to file an amended complaint.

Plaintiff's Amended Complaint (Filing 7) was timely filed on April 2, 2021, and will now be reviewed by the court to determine whether the case may proceed. Plaintiff also filed another motion for leave to proceed in forma pauperis (Filing 8), which will be denied without prejudice, as redundant. The court's original order granting Plaintiff leave to proceed in forma pauperis (Filing 5) remains in effect.

# I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

# II. DISCUSSION

As discussed in the court's previous Memorandum and Order, this action is in all material respects identical to an earlier action Plaintiff filed in this court, Case No. 8:19CV501, which was permitted to proceed to service of process, but which was dismissed for lack of subject-matter jurisdiction on October 23, 2020. In that case, the government presented undisputed evidence, in the form of a sworn declaration by a paralegal for the VA who conducted a record search, that Plaintiff did not provide the VA with any evidence she had the capacity to act as the personal representative of her daughter's estate. "Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant." *Bellecourt v.*

*United States*, 994 F.2d 427, 430 (8th Cir. 1993). The Eighth Circuit has held that a properly "presented" claim under 28 U.S.C. § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law. *See Mader v. United States*, 654 F.3d 794, 800-808 (8th Cir. 2011) (en banc). "[N]otifying the VA that an individual is a decedent's parent or other next of kin does not tell the VA that individual has authority to prosecute a claim under [the state's] wrongful-death statute." *Rollo-Carlson as trustee for Flackus-Carlson v. United States*, No. 18CV02842ECTECW, 2019 WL 1243017, at *5 (D. Minn. Mar. 18, 2019), *aff'd sub nom. Rollo-Carlson as Tr. for Flackus-Carlson v. United States*, 971 F.3d 768 (8th Cir. 2020), *cert. denied sub nom. Rollo-Carlson v. United States*, No. 20-1368, 2021 WL 1951859 (U.S. May 17, 2021).

In granting Plaintiff leave to file an amended complaint in the present case, the court specified that

> Plaintiff must affirmatively allege that she presented the VA proof of her capacity to act as the personal representative of her daughter's estate while her claim was pending before that agency. Plaintiff should describe the evidence that was presented and provide other pertinent details, such as the date and method of presentation.

(Filing 6, p. 4.) Plaintiff has failed to comply with this directive, but has simply attached additional documents to the Amended Complaint, none of which show that she presented the necessary proof of her representative capacity to the VA.[1]

---

[1] Plaintiff also lists the Washington County district attorney, sheriff, and probation officer as defendants in the Amended Complaint (Filing 7, p. 2), and alleges they failed to take action to assist or protect her daughter by having her committed to the VA hospital. This court does not have subject-matter jurisdiction to entertain this type of state-law tort claim unless there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. Plaintiff is a Nebraska resident and was appointed as personal representative for her daughter's estate by the County Court of Washington County, Nebraska. Thus, there is no diversity of citizenship between her and these additional defendants.

## III. CONCLUSION

As discussed in the court's previous Memorandum and Order, although it appears Plaintiff was the duly appointed and acting personal representative for her daughter's estate when the claim was filed with the VA, and even though the VA denied the claim on the merits, this court does not have the authority to review the VA's decision if Plaintiff is unable to plead and prove that a "proper" presentment of the claim was made to the agency.

"[T]he focus under *Mader* is not whether a plaintiff has actual authority to bring a claim, but whether the plaintiff has first presented to the appropriate federal agency evidence of his or her authority to act on behalf of the claim's beneficiaries under state law." *Runs After v. United States*, No. CIV 10-3019-RAL, 2012 WL 2951556, at *6 (D.S.D. July 19, 2012) (internal quotation marks and citation omitted) (dismissing FTCA case for lack of jurisdiction despite evidence that plaintiff had authority to bring claim), *aff'd sub nom. After v. United States*, 511 F. App'x 596 (8th Cir. 2013) (declining to create an extenuating circumstances exception to *Mader*); *see also Hennager v. United State*s, No. 3:19-CV-258, 2020 WL 7295832, at *4-5 (D.N.D. Nov. 4, 2020) ("[I]t is irrelevant whether [the plaintiff] had the authority to bring a claim … since his administrative claim was not accompanied by evidence establishing his authority…. [I]t is not the agency's burden to solicit evidence of a representative's authority to bring a claim."), *report and recommendation adopted*, 2020 WL 7024481, at *2 (D.N.D. Nov. 30, 2020) ("Strict compliance with the presentment requirement is essential before turning to federal district court for relief.").

The Eighth Circuit's holding in *Mader*, that compliance with § 2675(a) "is a jurisdictional term of the FTCA's limited waiver of sovereign immunity," 654 F.3d at 808, also forecloses any argument that Plaintiff's failure to submit evidence of her authority was harmless because the VA investigated her claim and denied it on the merits. *See Rollo-Carlson*, 971 F.3d at 771 ("Preclusion does not apply where, as here, a party must administratively exhaust her claim before filing suit in court."); *Runs After*, 2012 WL 2951556, at *7 ("Congress alone has the power to waive the United States' sovereign immunity and to set the terms and conditions of such a waiver.") "It has long been settled that officers of the United States possess no power

4

through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision by Congress." *United States v. N.Y. Ravon Importing Co.*, 329 U.S. 654, 660 (1947).

IT IS THEREFORE ORDERED:

1. Plaintiff's (second) motion for leave to proceed in forma pauperis (Filing 8) is denied without prejudice, as redundant.

2. This case is dismissed without prejudice for lack of subject-matter jurisdiction.

3. Judgment will be entered by separate document.

Dated this 20th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge